CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
February 05, 2026
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
   DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **MIKEL HAMM,** | ) |
| Plaintiff, | ) Case No. 7:25CV00906 |
| v. | ) **OPINION** |
| **T.J. OBRIENT,** | ) JUDGE JAMES P. JONES |
| Defendant. | ) |

*Mikel Hamm, Pro Se Plaintiff.*

The plaintiff, a Virginia inmate proceeding pro se, has filed this action using a form designed for an inmate filing a lawsuit under 42 U.S.C. § 1983. He alleges that the defendant lawyer ineffectively represented him in a criminal proceeding and seeks injunctive relief and monetary damages. Hamm has submitted a Prisoner Trust Account Report and Statement of Assets and impliedly seeks in forma pauperis status under 28 U.S.C. § 1915. Upon review, I conclude that the § 1983 action must be summarily dismissed.

Under 28 U.S.C. § 1915(e), which governs in forma pauperis proceedings, the court has a mandatory duty to screen initial filings. *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656–57 (4th Cir. 2006). The court must dismiss a case "at any time" if the

court determines that the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2).

To state a claim under § 1983, the plaintiff must state facts showing that a person acting under color of state law undertook conduct that violated the plaintiff's constitutional rights. *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). It is well settled that an attorney, even when appointed by the court, does not act under the color of state law when representing a defendant in a criminal case. *Hall v. Quillen*, 631 F.2d 1154, 1155–56 (4th Cir. 1980). Stated differently, the Fourth Circuit Court of Appeals has explained that

> Defense attorneys do not act "under color of" state law and are, therefore, not amenable to suit under § 1983, whether privately retained, appointed by the state, or employed as public defenders.

*Ward v. Ghee*, No. 92-6975, 1993 WL 410357, at *1 (4th Cir. 1993) (unpublished) (citations omitted).

Here, Hamm alleges that the defendant's "misrepresentation caused charges to be bound up to felony for his personal gain." Compl. 2, Dkt. No. 1. However, these factual allegations do not support a claim that the defendant acted under color of state law and Hamm has failed to state a claim on which relief can be granted. Because Hamm has made claims against the attorney appointed to represent him in underlying criminal proceedings, the Complaint cannot survive under § 1983.

To the extent that Hamm challenges the validity of his confinement and seeks to be released from incarceration, such relief is not available in a § 1983 action. *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). Instead, Hamm "must seek federal habeas corpus relief (or appropriate state relief)." *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005).

For all of these reasons, I will summarily dismiss the Complaint without prejudice under § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted. It follows that Hamm's request to proceed in forma pauperis will be denied as moot.

A separate Final Order will be entered herewith.

DATED: February 5, 2026

/s/ JAMES P. JONES
Senior United States District Judge